```
            IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF OREGON


DAMEION DOUGLAS,                  )
                                  )
                 Plaintiff,       )    No. 6:10-cv-1349-HO
                                  )
         v.                       )    ORDER
                                  )
KIRSIKKA C. VAN DOREN,            )
                                  )
                 Defendant.       )
```

Pro se Plaintiff, an inmate at the Oregon State Penitentiary, brings this action asserting violation of his right to access to the courts. Plaintiff asserts that the court administrator for Multnomah County Judge Jean Maurer violated his First and Fourteenth Amendment rights by failing to immediately mail Judge Maurer's October 28, 2008 judgment dismissing his defamation suit regarding an article appearing in the Oregonian. Defendant moves to dismiss.

Plaintiff asserts that defendant mailed the judgment to him on November 12, 2008, and that he did not receive the judgment until November 20, 2008. Plaintiff further asserts that an appeal was due on November 28, 2008. Plaintiff filed a notice of appeal on December 1, 2008. The Oregon Court of Appeals dismissed the appeal as untimely.

The court takes judicial notice of the fact that the underlying Multnomah County defamation action was filed on October 17, 2008. The underlying complaint alleges libelous conduct occurring on July 1, 2007. Accordingly, plaintiff's underlying defamation claim was not filed within the applicable statute of limitations. See O.R.S. § 12.120 (2) (an action for libel or slander shall be commenced within one year). Plaintiff fails to address his underlying claim in this case and does not address how he could have avoided the dismissal based on failure to comply with the statute of limitations. Plaintiff fails to demonstrate that his underlying claim is not frivolous.

Even assuming that a prisoner's constitutional right to court access could be violated by the mailing of judgment in a civil case only 8 days before the expiration of the appeal period, plaintiff's claim would still fail because the underlying claim lacked merit. Under the First and Fourteenth Amendments to the Constitution, state prisoners have a right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996). When seeking a remedy for a lost opportunity to present a legal claim, a prisoner must show: 1) the

2 - ORDER

loss of a non-frivolous or arguable underlying claim; 2) the official acts frustrating the litigation; and 3) a remedy that may be awarded as recompense but that is not otherwise available in a future suit. See Christopher v. Harbury, 536 U.S. 403, 413-14 (2002).

Moreover, plaintiff relies on cases in which the prison procedures resulted in the loss of a claim. Here, plaintiff is suing the court administrator who mailed the notice of the judgment well in advance of the appeal deadline and plaintiff alleges that he received the judgment eight days in advance of the deadline. Plaintiff asserts that he was unable to meet the deadline due to circumstances existing in the prison, but plaintiff has not named the prison or any prison officials as defendants.[1]

Plaintiff has no basis for asserting a federal claim against defendant. To the extent plaintiff seeks to assert state law claims such as negligence, the court declines to exercise jurisdiction and also agrees that the Eleventh Amendment would bar such claims.

---

[1] The court is not suggesting any such claim would have merit.

3 - ORDER

## CONCLUSION

For the reasons stated above, defendant's motion to dismiss (#30) is granted and this action is dismissed.

DATED this 26th day of April, 2012.

_____
United States District Judge